IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY ROBERTA NORTON**                                          **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:20CV314 KHJ-LGI**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**                  **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Mary Norton appeals the final decision denying her application for a period of disability and disability insurance benefits ("DIB"). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge ("ALJ"). Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that this matter be affirmed.

In August 2017, Plaintiff filed an application for benefits alleging a disability onset date of May 15, 2014, due to multiple impairments and a business closure. She was 48 years old on her alleged onset date, with a high school education and past relevant work experience as a sales manager. Following agency denials of her application, the ALJ rendered an unfavorable decision finding that she had not established a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review. She now appeals that decision.

**Factual Background**

The relevant medical evidence is detailed in the memorandum briefs and the ALJ's decision and will not be repeated in depth here. In her administrative filings, Plaintiff reported that she stopped working as a sales manager after 15 years due to her medical conditions and a business closure. At her administrative hearing, she explained that she fell off a horse when she was 14 years old and no longer felt that she could work as before because of back pain. Though she reports that surgery had been recommended, she is able to obtain relief with chiropractic adjustments, and can even perform the adjustments herself at times. When questioned about emergency room visits showing repeated treatment for alcohol intoxication and withdrawal, Plaintiff acknowledged that she has a problem with alcohol abuse and was working on her recovery. Despite her back pain, she testified that she independently attends to her personal care and serves as her elderly mother's primary caregiver. She also remains physically capable of shopping, performing some household chores, picking up a gallon of milk, standing and walking for 30 minutes at a time, and easily walking a quarter of a mile.

After considering Plaintiff's testimony and subjective complaints, the ALJ concluded that the evidence did not establish that Plaintiff could no longer work. At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff had not engaged

---

[1] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

in substantial gainful activity since her alleged onset date. At step two, the ALJ found that while Plaintiff's degenerative disc disease was a severe impairment, it did not meet or medically equal any listing. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform her past relevant work as a retail manager. Alternatively, based on vocational expert testimony as well as Plaintiff's age, education, and work experience, the ALJ found that she could perform other jobs in the national economy at the light exertional level.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). As the United States Supreme Court recently reiterated:

> The phrase "substantial evidence" is a term of art used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (U.S., 2019) (citations and internal quotations and brackets omitted); *see also Keel v. Saul,* 986 F.3d 551, 555 (5th Cir. 2021) (observing same). On judicial review, this Court may not re-weigh the evidence, try the case *de novo,* or substitute its judgment for that of the ALJ, even if it finds evidence that

preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

## Discussion

Plaintiff raises two related points of errors on appeal: (1) the ALJ's residual functional capacity determination is not supported by substantial evidence, and (2) the ALJ substituted her lay opinion for that of the medical experts. The Commissioner counters that the proper standards were applied, and substantial evidence supports the ALJ's decision. Given the evidence in this case, the undersigned submits that the Commissioner's decision should be affirmed.

### 1.

As her first point of error, Plaintiff alleges that the ALJ's failure to find her chiropractor's opinion persuasive resulted in an erroneous residual functional capacity determination. This argument is not well taken.

Effective March 27, 2017, social security regulations were revised so that no specific evidentiary weight, including controlling weight, is to be given to medical opinions from treating sources. 20 C.F.R. § 404.1520(c). Under the new regulations, supportability and consistency of medical opinions are the most important factors, and ALJs may, but are no longer required to, explain how they considered other factors. § 404.1520c (2019). With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior

4

administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(2). An ALJ remains free, upon a showing of good cause, to assign little or no weight to the opinion of any physician when the physician's statements are brief and conclusory, are not supported by medically acceptable clinical laboratory diagnostic techniques or are otherwise unsupported by the evidence. *Holifield v. Astrue,* 402 F. App'x. 24, 26 (5th Cir. 2010) (citations omitted). Because Plaintiff's disability application was filed in August 2017, the new regulation applies.

In September 2017, Plaintiff's chiropractor, Mark S. Giust, D.C., completed a medical source statement form indicating, *inter alia*, that her back impairment would cause her to miss three workdays a month and be off task for 50% of the day. She would also be limited to sitting and walking occasionally; standing, stooping, and climbing infrequently; and lifting 6-10 pounds occasionally, 1-5 pounds frequently, and 20 pounds infrequently. In a narrative opinion attached to his medical source statement, Dr. Giust also adds the following:

> Throughout treatment she has responded well to conservative care, but has mild to moderate tolerable constant pain as a result of her underlying condition and as such has returned with acute exacerbation of this chronic condition.

As a threshold matter, the undersigned finds it curious that Plaintiff contends that the above opinion is supportive of a disability finding. Though Dr. Giust assigns restrictive functional limitations on his medical source form, his narrative report indicates that her pain, while constant, was mild to moderate, tolerable, and responsive to conservative treatment for acute exacerbations. A medical condition that can be reasonably remedied by surgery, treatment or medication is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). For pain to rise to the level of disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).[2] At best, Dr. Giust's opinion is internally inconsistent.

Notwithstanding, Plaintiff submits that she is entitled to remand because the ALJ gave improper reasons for rejecting Dr. Giust's opinion—the only treating source opinion of record. In her written decision, the ALJ explains that she found his chiropractic opinion unpersuasive because it was (1) not provided by an acceptable medical source; (2) was not well-supported by reference to objective medical findings; and, (3) was not consistent with or supported by his own treatment records.

With regard to the first reason, the Commissioner stipulates that under the new regulations, all medical sources, not just "acceptable" medical sources, can provide

---

[2] "Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best. . . . [but when] these so-called reports 'are unaccompanied by thorough written reports, their reliability is suspect.'" *Mason v. Shalala*, 994 F.2d 1058, 1065 (3rd Cir. 1993) (citation omitted).

6

evidence that will be considered medical opinions.[3] *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. As plaintiff notes, even under the old regulations, chiropractic opinions could be used to "show the severity of any impairment and how it affects the claimant's ability to work." *Porter v. Barnhart*, 200 F. App'x 317, 319 (5th Cir. 2006) (citing 20 C.F.R. § § 404.1513(a), 416.913(a)); *see also Young v. Berryhill*, 689 F. App'x. 819, 822 (5th Cir. 2017).

Second, Plaintiff is also correct to point out that Dr. Giust did reference objective medical findings in his narrative report. He expressly notes that she was "diagnosed via MRI in 10/19/2007 with a large central disc bulge at L5/S1 with moderate to severe degenerative disc at L4/L5 and L5/S1." He also noted that x-rays revealed "moderate disc degenerative disease at C5-C6 with a moderate to severe reversed cervical curvature." While these radiological findings confirm her diagnosis for degenerative disc disease, it is neither the presence nor the history of a medical condition that establishes a disability, but rather its limitations. *Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008) (distinguishing between diagnosed impairments and functional limitations caused by those impairments).

---

[3] While the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, §§ 404.1521, 416.921. "Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. *Id*. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. *Id.*

In this regard, substantial evidence supports the ALJ's third reason for discounting Dr. Giust's opinion: the functional limitations he assigned were neither consistent with nor supported by his treatment records. In fact, despite acknowledging their remote nature at the administrative hearing, Plaintiff's appeal relies primarily on Dr. Giust's early records, including his initial assessment in 2007--ten years before she filed her disability application, and seven years before her alleged onset date. At that time, Plaintiff reported constant, low back pain aggravated by lifting/bending/pushing/pulling, driving, riding, sitting, and changing body positions, but she acknowledged it produced only mild impairment. At issue, however, is whether substantial evidence supports the ALJ's determination that Plaintiff was not disabled during the relevant timeframe.

In 2014, the year of her alleged onset date, Plaintiff had five chiropractic visits, followed by none in 2015, three in 2016, and one in January 2017, where she reported "low back pain from moving furniture." After that, she did not see Dr. Giust again until January 2018, which is her last chiropractic visit of record. It is well-established that the frequency of treatment is a relevant factor in determining the severity of an alleged impairment, and it may be used in conjunction with the medical reports to discount complaints of disabling pain or other limitations. *See Doss v. Barnhart*, 137 F. App'x 689, 690 (5th Cir. 2005); *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); *McGuire v. Comm'r of Soc. Sec.*, 178 F.3d 1295 (6th Cir. 1999) (gaps in treatment may reasonably be viewed as inconsistent with a claim of debilitating symptoms). In addition to the lack of treatment, at nearly every chiropractic visit of record, Plaintiff reported mild-moderate occasional pain between 1-4 on a 10-point pain scale and was treated with spinal

adjustments. Objective findings of myospasms and tenderness to palpation in the lumbar and cervical areas also decreased with each visit. In 2016, Dr. Giust notes that Plaintiff had a "minimal level" of disability at 16%, "meaning that the patient can cope with most living activities," with no treatment indicated "apart from advice on sitting, and exercise." Nothing of record indicates that Plaintiff's back impairments deteriorated further, other than her subjective complaints.

The undersigned is mindful that the ALJ did not provide this level of detail in her analysis of Dr. Giust's medical source statement, though she notes elsewhere in her opinion the conservative nature of his chiropractic care as well as his narrative report. But procedural perfection is not required. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989). It was not unreasonable for the ALJ to weigh Dr. Giust's treatment notes against his medical source statement in assessing his opinion. *Salmond v. Berryhill*, 892 F.3d 812 (5th Cir. 2018). Unlike his medical source statement, his narrative report *is* consistent with and supported by his treatment records.

The only other medical sources to assess Plaintiff's physical limitations were agency consultants who found no evidence that her impairments were severe. Plaintiff agrees with the ALJ's assessment that these prior administrative findings "were not well supported by reference to objective medical findings and were not consistent with the longitudinal evidence of record." Still, Plaintiff alleges that the ALJ's failure to properly

9

weigh her chiropractor's opinion resulted in an erroneous residual functional capacity determination. The undersigned submits, however, that the ALJ appropriately considered all the evidence Plaintiff proffered in support of her disability claim. Apart from her chiropractic records and visits for medication refills, the bulk of the medical evidence reflects Plaintiff's treatment for alcohol intoxication and withdrawal. Though she reported to one medical provider that she self-medicates with alcohol because of neck and back pain, no objective evidence of limitations was observed at this visit or the other visits of record. As explained by the ALJ:

> The medical evidence of record only minimally supports a finding that the claimant has a severe medically determinable physical impairment. The claimant has received only routine and conservative treatment for her pain and associated symptoms. There are multiple encounters with medical professionals at which she failed to voice complaints of degenerative disc disease related pain or associated symptoms. The absence of significant complaints as well as the lack of significant abnormal physical examination findings is generally consistent with her testimony that although she injured her back as a young individual, she has not had any surgery and only sees a chiropractor when she needs an adjustment. However, the claimant further testified that she knew how to adjust her back herself most of the time.
>
> The undersigned considered the total medical and non-medical evidence when evaluating the effects of the claimant's impairment related symptoms on her functioning on a function-by-function basis. The claimant's degenerative disc disease related pain and other symptoms result only in exertional limitations, consistent with the residual functional capacity above. While her symptoms limit her ability to perform physical work-related activities, she remains capable of performing the full range of light work as defined in 20 C.F.R. § 404.1567(b). This is consistent with the claimant's long history of routine and conservative treatment and her testimony as to her ability to adequately and independent engage in a wide range of typically normal activities of daily living despite her impairment related symptoms.

Again, Plaintiff objects to the ALJ's conclusions, but she does not rebut her analysis with substantial evidence to the contrary. No reversal or remand is warranted on this issue.

## 2.

As a second and related point of error, Plaintiff alleges that the ALJ must have substituted her lay opinion for the medical opinions of record because she did not adopt the chiropractor's medical source statement or the agency consultant's opinion that she had no severe impairments. However, what Plaintiff "characterizes as the ALJ substituting [her] opinion is actually the ALJ properly interpreting the medical evidence to determine [her] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (per curiam).

An ALJ's residual functional capacity determination is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his or her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). It is an administrative finding of fact, not a medical opinion. Social Security Ruling 96–8p, *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996) n. 4). The sole responsibility for determining a claimant's residual functional capacity rests with the ALJ, who is not required to incorporate limitations in the residual functional capacity assessment that are not supported in the record. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). While "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence or his or her claimed medical conditions," that is not what occurred here.

11

*Williams v. Astrue*, 355 F. App'x 828, 832, n.6 (5th Cir. 2009) (unpub.) (citing *Ripley v. Chater*, 67 F.3d 552, 552, 557 (5th Cir. 1995).

The ALJ considered the extent to which the medical opinions of record were supported by and consistent with the record as a whole. The only credible opinions of record, however, indicated that she had mild impairment that responded to periodic chiropractic adjustments. *Castle v. Colvin*, 557 F. App'x. 849, 854 (11th Cir. 2014) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.") (citation omitted). In the end, Plaintiff simply did not pursue or require ongoing medical care for the physical conditions she alleged were disabling. She quite admirably focused her treatment on her alcohol recovery. Contrary to her arguments on appeal, substantial evidence supports the ALJ's finding that Plaintiff, who stopped working because of her conditions and a business closure, could return to work as a retail manager or perform other light work in the economy.

**Conclusion**

Based upon consideration of the evidentiary record as a whole, the ALJ determined that Plaintiff failed to establish that her impairments were of sufficient severity to establish disability. The undersigned's review of the record compels a finding that the ALJ applied the correct legal standards and substantial evidence supports the ALJ's decision. For these reasons, it is the opinion of the undersigned United States Magistrate Judge that Plaintiff's appeal be dismissed with prejudice, and that Final Judgment in favor of the Commissioner be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 26, 2021.

/s LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE