UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY ROBERTA NORTON                                           PLAINTIFF

v.                                              CIVIL ACTION NO. 3:20-CV-314-KHJ-LGI

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                                   DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge LaKeysha Greer Isaac. [17]. For the reasons stated, the Court adopts this Report's findings the recommendation of the Magistrate.

I.      Facts and Procedural History

Mary Roberta Norton applied for disability insurance benefits, alleging she became disabled on May 15, 2014, because of multiple impairments. [17] at 1. An administrative law judge ("ALJ") held a hearing, during which Norton and a vocational expert testified. *Id.* at 2-3. The ALJ denied her claims, applying the five-step sequential steps found in 20 C.F.R. § 404.1520 and finding Norton did not have a disability as defined by the Social Security Act. *Id.* at 1. Specifically, on step four, the ALJ found that Norton's residual functional capacity ("RFC") was "light work" and, on step five, that she could perform her prior work as a manager of a retail store. [10] at 19-22.[1] The Appeal Council denied review, so the ALJ's decision

---

[1] The Court refers to the ECF page numbers shown in blue at the top right of each docket entry.

became the final decision of the Commissioner of Social Security ("Commissioner"). *Id.*

Norton appealed to this Court, arguing (1) the ALJ's finding on Norton's residual functional capacity ("RFC") was not supported by substantial evidence because the ALJ improperly discounted Dr. Mark Giust's medical opinion; and (2) the ALJ erred in substituting her lay opinion for that of a medical expert's in determining Norton's RFC because she did not rely on any medical opinions. *Id.* at 4. In her Report and Recommendation, the Magistrate found that the ALJ's decision on Norton's RFC was supported by substantial evidence and that the ALJ did not improperly substitute her lay opinion for that of a medical expert's. Based on these findings, the Magistrate recommends that this Court enter Final Judgment for the Commissioner and dismiss Plaintiff Norton's appeal with prejudice.

The Magistrate notified parties that their written objections to this Report were due by August 9, 2021, and that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. Norton timely filed her Objections, [18], and the Commissioner notified the Court that he does not intend to respond. [19].

II.     Standard

The Court reviews de novo the portions of the Magistrate's Report to which Norton objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is

not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

    III.    Analysis

This case centers on step four of the five-step sequential test: Can Plaintiff return to prior relevant work? *See* C.F.R. § 404.1520. As the ALJ explained, "[b]efore considering step four of the sequential evaluation process, [the ALJ] must first determine [Norton's] [RFC]." [10] at 15. In determining Norton's RFC, the ALJ considers "her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Id*; *see also* 20 C.F.R. § 404.1545. After considering all the evidence, the ALJ found that Norton could perform "the full range of light work defined in 20 C.F.R. § 404.1567(b)." [10] at 19. Norton objects to this finding on two grounds. First, she contends the ALJ did not rely on substantial evidence. Second, because the ALJ rejected Dr. Giust's opinion on her limitations, Norton argues the ALJ improperly relied on her own lay opinion. The Court reviews these issues de novo. 28 U.S.C. § 636(b)(1).

    A.    Substantial Evidence

Norton argues the ALJ did not rely on substantial evidence in determining her RFC status. In Social Security cases, substantial evidence is "more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). When determining whether substantial

evidence exists, "[t]he Court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's . . . ." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Rather, the Court must affirm the Commissioner's findings that are based on substantial evidence. *Id.*

The ALJ did not need to accept Dr. Giust's opinion on Norton's limitations in determining Norton's RFC status. The controlling regulations specifically provides that the ALJ need not "defer or give any special weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [Norton's] medical source." 20 C.F.R. § 404.1520c(a). Additionally, the ALJ is free to assign little to no weight to a brief and conclusory medical opinion or one that is unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (citations omitted).

Here, the ALJ appropriately explained how she considered the factors of supportability and consistency — the most persuasive factors in determining credibility. 20 C.F.R. § 404.1520c(a). After reviewing the record, the ALJ found Dr. Giust's opinion on Norton's limitations were "not well supported by reference to objective medical findings" and "not consistent with or supported by his own treatment records." [10] at 21. Specifically, she found the following evidence contradicted Dr. Giust's opinion on Norton's limitations: (1) Dr. Giust's statement that Norton "responded well to conservative care" and experienced "mild to moderate tolerable constant pain"; (2) Norton's "routine and conservative treatment for her pain and associated symptoms"; (3) Norton's failure to voice complaints of

degenerative disc disease, related pain, or associated symptoms in appointments with other medical professionals; and (4) Norton's testimony that she is the primary caregiver for her elderly mother and can prepare meals, wash dishes, wash clothes, pick up a gallon of milk, stand and walk for thirty minutes, and easily walk one-fourth of a mile. *Id.* at 19-20. Based on this evidence, the Court finds the ALJ relied on substantial evidence to support her RFC finding of light work.

B.  Improper Lay Opinion

Norton also argues that the ALJ improperly substituted her own lay opinion for that of a medical expert because she did not find Dr. Giust's opinion persuasive and did not rely on any other medical opinions. Opinions about an individual's RFC status are administrative findings that an ALJ must decide, not a medical opinion. 20 C.F.R. § 404.1527(d)(2). In determining an individual's RFC status, the ALJ may consider all available evidence from medical and nonmedical sources about how the individual's impairments limit her physical and mental abilities. 20 C.F.R. § 404.1529(c). This includes "daily activities," "medication," "treatment," and "any measures you use or have used to relieve your pain or other symptoms." *Id.* § 404.1529(c)(3). While the ALJ must consider medical expert opinions in making her RFC determination, the ALJ is entitled to "determine[] the weight to be accorded to evidence and make[] credibility determinations" and "to accept any part of an expert's testimony or reject it completely." *Mendoza v. Marine Personnel Co., Inc.*, 46 F.3d 498, 500-01 (5th Cir. 1995) (citations omitted).

The ALJ considered Dr. Giust's opinion on Norton's limitations, the doctor's statement that Norton "responded well to conservative care," and Norton's medical records, which showed she received routine, conservative treatment for her symptoms. [10] at 19-21. The ALJ considered these records along with Norton's testimony that she is the primary caretaker of her mother and routinely performs housework despite her impairments. *Id.* Because the ALJ properly considered Dr. Giust's opinion, treatment records, and Norton's medical records in concluding Norton's RFC status was light work, the ALJ did not err. The Court therefore overrules Norton's Objections [18].

IV.   Conclusion

After review of the record, the Court, being fully advised in the premises, finds that the Report and Recommendation is neither clearly erroneous nor contrary to law and should be adopted as the opinion of the Court.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [17] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this cause should be, and the same is, adopted as the findings of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 18th day of August, 2021.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE